Roy Moody Bell v. Commissioner. Martha Irene Bell v. Commissioner.
Bell v. Commissioner
Docket Nos. 38670, 38671.
United States Tax Court
1953 Tax Ct. Memo LEXIS 52; 12 T.C.M. (CCH) 1321; T.C.M. (RIA) 53369; November 25, 1953
*52 On November 24, 1947, the Louisiana State Highway Commission accepted the completed work which Roy Moody Bell had contracted to perform in repairing a state highway. Pursuant to the terms of the contract, the final payment was not made until the Commission had filed a certificate of its acceptance with the Recorders of Mortgages of the parishes in which the work was done and until 45 days thereafter, when petitioner filed clear lien certificates with the Commission. Bell, who kept his books and records and reported his income on the accrual basis, received the final payment on March 12, 1948; and petitioners reported the profit from the completed contract on their returns for that year. Held, the respondent properly determined that the right to receive the final payment and all profits on the contract accrued to petitioners in 1947 and was taxable to them in that year. Julius H. Runge, Esq., 1106 Republic Bank Building, Dallas, Tex., for the petitioners. Frank C. Allen, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion These consolidated proceedings involve deficiencies in income tax for the year 1947 of $1,716.90 determined against Roy Moody Bell (hereinafter referred to as the petitioner) and in like amount determined against his wife, Martha Irene Bell. The issue to be decided is whether petitioner, an accrual-basis taxpayer must report the total profit on construction work performed by him for the State of Louisiana - in 1948, when the final progress payment was received, or in 1947, when the work was completed by him and accepted by the State; the final payment was withheld pending petitioner's filing a clear lien certificate, which he did not do until 1948. Some of the facts were stipulated. Findings of Facts The stipulated facts are so found and are incorporated herein. Petitioner and Martha Irene Bell were husband and wife during 1947, residing together in Dallas, Texas. They filed individual returns for such calendar year with the collector *54 of internal revenue in that city. Petitioner kept his books and records and reported his income on the accrual basis. In 1947, petitioner, operating as a sole proprietor under the name Bell Road Construction, entered into various contracts with State of Louisiana for the repair of some of its roads. All but one of such contracts were completed and paid for in that year. The last contract covered work on the Coushatta-Ninock and Loggy Bayou-Bossier City Highway (hereinafter referred to as Coushatta). The Coushatta contract provided that payments were to be made in accordance with the "Standard Specifications for Roads and Bridges" approved by the Louisiana Highway Commission (hereinafter referred to as the Commission), on March 1, 1940. Such specifications authorized payment to a contractor pursuant to monthly estimates by the State's supervising engineer of the proportionate value of the work done. Such specifications further provided that 15 per cent of the total contract price should be withheld and not paid until the Commission had certified its acceptance of the work and until such certificate of acceptance had been filed in the office of the Recorder of Mortgages of the parish *55 in which the work had been done, and, until 45 days thereafter, when the contractor should submit to the Commission a certificate from the Recorder that there were no claims or liens recorded against the said contract. On November 24, 1947, the Commission certified the completion and its acceptance of petitioner's work on the Coushatta contract. The amount of $17,298.30, representing 15 per cent of the total contract price withheld, and increases in freight charges remained due on that date. The total contract price of the Coushatta job was $113,627.50, of which the petitioner received prior to December 31, 1947, the sum of $96,329.20. The receipts from the Coushatta job, in the amount of $113,328.47, and expenses incurred on such job, in the amount of $105,611.21, were reported by petitioners on their community return for 1948. The highway covered by the Coushatta contract extended through three parishes, and the Commission recorded a certificate of completion and acceptance with the Recorders of Mortgages of such parishes by December 17, 1947. The petitioner furnished clear lien certificates to the Commission by March 6, 1948, whereupon on March 12, 1948, payment of the balance *56 due was made by the state auditor. The petitioner, on October 9, 1947, assigned all payments due on the Coushatta contract to the Grand Avenue State Bank of Dallas, Texas. Thereafter, checks were made payable to the bank and to the petitioner jointly. Petitioner's highway construction equipment was left in Louisiana until 1948 in the event any additional work might be required on the contracts, and because he wished to avoid 1947 Texas license taxes. Petitioners reported the profits on the Coushatta contract on their returns for 1948. The respondent determined that the profits on the contract were income accrued in 1947, determined the deficiencies herein for that year, and overassessments for the year 1948. Opinion RICE, Judge: We shall first dispose of petitioner's argument that the law of the State of Louisiana is determinative of the question presented, i.e., for which year are the profits from the Coushatta contract taxable income to him. We think the Supreme Court's decision in , is dispositive of this argument. Therein it said, at pages 395-396: "We think the federal law controls. A federal revenue act applicable *57 throughout the nation fixes liability on the decedent taxpayer under § 42 if the dividend is 'accrued.' The meaning of that word in this section should be uniform unless Congress has shown an intention to permit its meaning to be varied by state law. (Citations Omitted). Section 42 lays down the test of accrual for the taxation of a decedent's income and the definition of the meaning and extent of that test is a federal responsibility. * * *" The court in , set forth the basic principle governing the effect of state law on Federal taxation: "In dealing with the meaning and application of an act of Congress enacted in the exercise of its plenary power under the Constitution to tax income and to grant exemptions from that tax, it is the will of Congress which controls, and the expression of its will, in the absence of language evidencing a different purpose, should be interpreted 'so as to give a uniform application to a nation-wide scheme of taxation'. * * * Congress establishes its own criteria and the state law may control only when the federal taxing act by express language or necessary implication makes its operation dependent *58 upon state law. * * *" Obviously, uniform application of the accrual test would be impossible if the law of each state determined when income accrued to myriad numbers of taxpayers throughout the nation. We turn next to petitioner's contention that his right to receive the final payment on the contract did not become fixed until he had filed with the Commission the certificate of the Recorders of Mortgages of the three parishes that the contract was clear of any liens or claims; and that, since this occurred in 1948, the profits from the contract did not accrue until then. Petitioner agrees that when the right to receive an amount becomes fixed, the right accrues and such amount thereupon becomes taxable to a taxpayer keeping his books and reporting his income on the accrual basis. . We think that the State's obligation to pay the balance due on the Coushatta contract, and petitioner's right to receive the final payment thereon, became fixed when the Commission accepted the completed work in 1947. Only the time of payment was delayed until the Commission's certificate was filed with the Recorders of Mortgages *59 in the three parishes and until the petitioner, 45 days thereafter, filed clear lien certificates with the Commission. If any liens had been filed within that time, or had any claim been made which the State paid, such payment would have served only to diminish the total balance due which was the absolute property of petitioner. (C.A. 10, 1950); . Such formalities of filing as remained after the Commission's acceptance of the work, before petitioner received the final payment, were not contingencies creating uncertainty as to his right to receive the payment. Such formalities only made uncertain the time when payment would be made, and did not postpone its accrual as income to him in 1947. See , affd. (C.A. 9, 1951). Decision will be entered for the respondent.